JOHN VERNOU BOUVIER, JR., PROSECUTOR, v. THE BALTIMORE AND NEW YORK RAILWAY COMPANY ET AL.

Argued November 5, 1902—Decided January 16, 1903.

A company organized under the General Railroad law purchased land within its filed route. The deed was given on a condition subsequent which was not performed. Under a right of entry for breach of such condition judgment for possession was recovered. *Held*, that in case of inability to agree with the present owners, the company might lawfully condemn such lands for the purposes of its railroad.

On *certiorari.*

Before Justices DIXON, COLLINS and HENDRICKSON.

For the prosecutor, *Richard V. Lindabury.*

For the defendants, *Edward Q. Keasbey.*

The opinion of the court was delivered by

COLLINS, J.    The prosecutor attacks the order appointing commissioners in condemnation, removed by the writ in this cause, upon the ground that the railway company—organized under the General Railroad law—has no right to condemn the parcel of land therein described, although the same is within the filed route of its railroad, which has been actually constructed across the same.

The right to condemn is questioned because the railway company had previously purchased land, including the premises in question, taking a conveyance in fee, subject to conditions subsequent, for breach of which a right of entry was reserved in the deed, and had forfeited its title by breach of condition.    The facts in this regard, as stipulated, will be found recited in full in the reports of the decisions of this court and the Court of Errors and Appeals in an ejectment suit, brought to recover the land conveyed, and finally successful.    *Bouvier* v. *Baltimore and New York Railway Co., 36 Vroom* 313; *S. C., 38 Id.* 281.

Reliance is placed, by the prosecutor, on certain adjudications of this court to the effect that, where an agreement has been reached between a landowner and a company organized under the General Railroad law for the use or purchase of lands required for the purposes of the railroad, there can be no condemnation of a greater right than that agreed for. *Jersey City* v. *National Docks Railway Co., 26 Vroom* 194; *Jersey City* v. *Lehigh Valley Railroad Co., Id.* 203.    Those decisions have no applicability to the case in hand.    They have no reference to title or estate, but only to the method of construction of the railroad.    This court had previously decided that, after taking a leasehold interest, such a company might condemn a fee.    *De Camp* v. *Hibernian Railroad Co., 18 Id.* 43.

If the doctrine of the decisions relied on could be applied to the situation presented in this record, it would fail of efficacy, because it necessarily assumes a subsisting agreement. By the act of the grantors of the railway company, or their assigns, the arrangement effectuated by the conveyance has completely expired. Inability to make a new agreement brings the case precisely within the statute, and the right of condemnation follows as a matter of course.

The case is analogous to one where a purchase-money mortgage has been given by a railway company on land required for its railroad and, under foreclosure sale, it has been divested of the title. Of course, in such a case, it will be competent for the company to condemn if it cannot agree upon reacquisition.

The railway company took title upon condition subsequent, which title became forfeited by the exercise of the option reserved to the grantors and their assigns. It has lost the defeasible title for which it paid, and must now acquire and pay for what it needs. The case seems to fall directly within the supplement of March 25th, 1881 (*Gen. Stat., p.* 2685), to "An act respecting railroads and canals." That statute provides that whenever any railroad company whose railroad is actually built and in operation shall have failed to acquire a perfect or indefeasible title to land which it was authorized to acquire for its track or other corporate purposes, or the title originally acquired shall have been defeated or extinguished, it shall be lawful for such company to acquire any such land or outstanding estate or interest therein to perfect its title thereto in the manner prescribed by the General Railroad law.

The order appointing commissioners will be affirmed, with costs.